FILED

18 JAN -8 PM 1:20

CLERK. U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

MARQUETTE JACKSON,                    )        CASE NO. 1:17 CV 2702
                                      )
            Plaintiff,                )        JUDGE DAN AARON POLSTER
                                      )
    v.                                )
                                      )        MEMORANDUM OF OPINION
FEDERAL GOVERNMENT, et al.,           )        AND ORDER
                                      )
            Defendants.               )

    Plaintiff *pro se* Marquette Jackson brings this *in forma pauperis* action against the following

Defendants: Federal Government, Judge Kym Ampose Garnish Department, Sheriff Pinkeny, and

Dockette Department. The one-page Complaint does not set forth allegations intelligible to this

court. This action must therefore be dismissed pursuant to 28 U.S.C. § 1915(e).

    Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to

dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be

granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989);

---

[1]    A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and
without service of process on the defendant, if the court explicitly states that it is invoking
section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons
set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997);
*Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986);
*Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th
(continued...)

*Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudette*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

Even liberally construed, the Complaint does not contain allegations reasonably suggesting plaintiff might have a valid federal claim. *See, Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). Accordingly, the request to proceed *in forma pauperis* is granted and this action is dismissed under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

(...continued)
Cir. 1985).